IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RACHEL BARNETT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 22-cv-2178-SMY |
| vs. | ) ) ) |
| SCHWAN'S CONSUMER BRANDS, INC., | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In this putative class action, Plaintiff Rachel Barnett alleges that Defendant Schwan's Consumer Brands, Inc. misrepresented to consumers that its product, "Mrs. Smith's Original Flaky Crust", is "Made with Real Butter." Barnett asserts violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; violations of state consumer fraud acts; breaches of express warranty, implied warranty, and the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; negligent misrepresentation; fraud; and unjust enrichment. She seeks injunctive relief as well in her prayer for relief.

Now pending before the Court is Schwan's Motion to Dismiss for Failure to State a Claim (Doc. 9), which Barnett opposes (Docs. 10). For the following reasons, the Motion is **GRANTED**.

## Background

Barnett makes the following allegations in the Complaint (Doc. 1): Defendant Schwan's manufactures, markets, and sells frozen apple pie promoted as containing a "Flaky Crust made with Real Butter" under the Mrs. Smith's brand (the "Product") (Doc. 1 at ¶ 1). The front and back of the packaging in question is shown below:






The representations that the Product is made with real butter implies that butter is the prominent ingredient. The Product's label is misleading because the primary shortening ingredient is "Palm Oil" and is shown in fine print of the side panel in the ingredient list as part of an ingredient called "Shortening Butter Blend" (Doc. 1 at ¶29). Further, although "Butter" is listed as the second most predominant shortening ingredient, the amount of butter is actually de minimis or negligible in absolute and relative amounts to the shortening ingredients used (Doc. 1 at ¶¶30-31).

By replacing butter with vegetable oil shortenings of palm oil and soybean oil, the crust lacks the nutritional and structural (i.e., flakey crust), organoleptic, and sensory attributes that consumers would expect form a label indicating it is "Made with Real Butter" (Doc. 1 at ¶41). Since butter is more costly than vegetable oil shortenings like palm oil and soybean oil, the expectation of a greater amount of butter was misleading (Doc. 1 at ¶42). As a result of the false

and misleading advertising, the Product is sold at a premium price that is higher than products of similar nature and make-up (Doc. 1 at ¶45).

Barnett purchased the Product on one or more occasions "within the statute of limitations for each cause of action" alleged (Doc. 1 at ¶63). She would not have purchased the Product absent Schwan's false and misleading statements and omissions or would have paid less for it (Doc. 1 at ¶67). She intends to, seeks to, and will purchase the Product again when she can do so with the assurance that the Product's representations are consistent with its abilities and/or composition (Doc. 1 at ¶68).

Barnett requests compensatory and injunctive relief and seeks to represent an Illinois class including: All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged (Doc. 1 at ¶70). Barnett further seeks certification of a consumer fraud multi-state class of: All persons in the States of Utah, Virginia, Wyoming, Arkansas, Ohio, Nevada, North Carolina, and Alabama who purchased the Product during the statutes of limitation for each cause of action alleged (Doc. 1 at ¶71).

## Discussion

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.,* 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). The Court draws all reasonable inferences and facts in favor of the nonmovant. *See Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014). Additionally, to satisfy Rule 8(a)(2), a Complaint must include "a short and plain statement of the claim showing

that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)) and must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (citation omitted).

Rule 9(b) requires a party pleading fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). When an Illinois Consumer Fraud Act claim "rests on allegations of deceptive conduct," the heightened pleading standard of Rule 9(b) applies. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (citation and internal quotation marks omitted).

Schwan's argues that Barnett's claims are subject to dismissal because nothing in the Product's labeling or packaging would communicate a misleading representation to any consumer, including Barnett who had no basis for her assumptions about the Product's ingredients or label representations; Barnetts claim that "Made with Real Butter" implies any specific amount of butter is preempted; Barnett has no standing to seek injunctive relief; and, (4) Barnett's ancillary causes of action also fail.

### Illinois Consumer Fraud and Deceptive Practices Act ("ICFA")

The ICFA safeguards "consumers, borrowers, and businesspersons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (internal citation and quotation marks omitted). "In order to state a claim under the ICFA, a plaintiff must show: (1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice;

and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014). Although ICFA claims often involve disputed questions of fact not suitable for a motion to dismiss, a court may dismiss the Complaint if the challenged statement was not misleading as a matter of law. *See Bober v. Glaxo Welcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001).

Here, Barnett claims deceptive practices. To state a viable claim for deceptive practices, a plaintiff must plausibly allege that the packaging is likely to deceive reasonable consumers. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020). This standard "requires a probability that a significant portion of the general consuming public or of target consumers, acting reasonably in the circumstances, could be misled." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). A statement is deceptive if "it is likely to mislead a reasonable consumer in a material respect, even if it is not literally false." *Id.* "What matters most is how real consumers understand and react to the advertising." *Bell*, 982 F.3d at 476. "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Id.* at 477. Barnetts' allegations do not meet this standard.

Barnett alleges that the Product's labeling "Made With Real Butter" suggests to a reasonable consumer that the Product was either predominantly made with butter, or at least contains a non *de minimis* amount of butter. She does not say how much butter the product contains, just that it contains less than she expected and less than the other shortening ingredients included therein.

While the Product's front label includes the phrase "Made with Real Butter", a reasonable consumer could not take that representation to mean that the product necessarily contains a

particular amount of butter or more butter than other shortening ingredients, let alone the unspecified greater amount of butter expected by Barnett. *See generally Rice v. Dreyer's Grand Ice Cream, Inc.*, --- F. Supp. 3d ---, 2022 WL 3908665, at *4 (N.D. Ill. Aug. 30, 2022) (rejecting a similar argument based on Bell because the product's label contained no potentially deceptive ambiguity).

In sum, Barnett fails to adequately plead that the label is deceptive as to the amount of butter in the product. *See Ledezma v. Upfield US Inc.,* No. 22 C 1618, 2022 WL 16553039, at *3–5 (N.D. Ill. Oct. 31, 2022); *see Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1109 (S.D. Ill. 2022) (holding that crackers marketed as "Golden Butter" could not mislead a reasonable consumer into thinking that they did not contain a "non-de minimis amount of butter substitutes); *see Cerretti v. Whole Foods Mkt. Grp., Inc.*, 2022 WL 1062793, *2-3 (N.D. Ill. Apr. 8, 2022) (holding that an ice cream bar label depicting chocolate and the phrase "Dipped in Organic Chocolate" does not reasonably convey that the bars contain a particular amount of chocolate). Therefore, her Illinois Consumer Fraud and Deceptive Business Practices Act claim must be dismissed.

## Breach of Warranty

Schwan's argues that Barnett's state law warranty claims fail because there was no timely notice of the alleged breach of warranties. Under Illinois law, "a buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." 810 ILCS 5/2-607(3)(a). Even if a manufacturer is aware of problems with a particular product line, "the notice requirement of section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer." *Connick v. Suzuki Motor Co.,* 675 N.E.2d 584, 590 (Ill. 1996).

The notice requirement may be satisfied by the filing of a lawsuit under certain circumstances. But in Illinois, "[only] a consumer plaintiff who suffers a personal injury may satisfy the section 2-607 notice requirement by filing a complaint stating a breach of warranty action against the seller." *Id.* Thus, given that Barnett does not allege that she suffered a particular personal injury, the section 2-607 notice requirement was not fulfilled by her filing the Complaint.

Additionally, claims for breach of implied warranty and breach of express warranty are contractual claims requiring privity of contract. *Voelker v. Porsche Cars North Amer., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (Under Illinois law, privity of contract is a prerequisite to recover economic damages for breach of implied warranty). Barnett and Schwan's are not in privity because she did not purchase the Product directly from Schwan's.

Under the Magnuson-Moss Warranty Act ("MMWA"), a written warranty is a fact or promise that "affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(6)(A). The phrase, "Made with Real Butter" makes no claim that the Product is defect-free or will meet a specified level of performance over a specified period of time. *See Rudy v. Fam. Dollar Stores, Inc.*, No. 21-cv-3575, 2022 WL 345081, at *8 (N.D. Ill. Feb. 4, 2022) (The phrase "Smoked Almonds" is a product description that does not warrant to consumers that the Product is defect-free or will perform at a specified level over a specific time.); *In re Sears, Roebuck & Co.*, No. MDL-1703, 2006 WL 1443737, at *4 (N.D. Ill. May 17, 2006) (concluding that the phrase "Made in USA" was not a "written warranty" under the Magnuson-Moss Act because it does not indicate that the product will be defect-free or will perform at a specified level over a specific time). Therefore, Barnett also fails to state a viable breach of warranty claim under the MMWA.

Schwan's motion to dismiss will be granted as to Barnett's warranty claims.

**Fraud**

To state a claim for common-law fraud, a plaintiff must plead: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007). Here, Schwan's contends that Barnett fails to allege actual reliance on a misrepresentation and that the reliance was reasonable and justifiable. *Soules v. General Motors Corp.*, 79 Ill.2d 282, 286 (1980).

Barnett does not address this argument. She simply argues that the Rule 9(b) pleading requirements are met because she alleges the "who, what, where, when, and how" of the fraud. But her conclusory allegations that "a []de minimis amount of butter" was present and "the []most predominant shortening ingredient [was] [] Palm oil" fall short of Rule 9(b)'s pleading requirements. Accordingly, Schwan's motion will be granted with respect to Barnett's fraud claim.

**Negligent Misrepresentation**

Under the *Moorman* doctrine or "economic loss doctrine," claims alleging injury to solely economic interests may proceed in contract only. *See Moorman Mfg. Co. v. National Tank Co.*, 435 N.E.2d 443, 448 (Ill. 1982). Citing *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 515 (1994). Barnett argues that her claim falls within an exception to the *Moorman* doctrine that applies when a defendant made negligent misrepresentations while in the business of supplying information for the guidance of others in their business transactions. Illinois courts have applied this exception to a variety of commercial information providers, such as accountants, banks that provide credit information, product and

real-estate inspectors, title insurers, and stockbrokers. *Fox Assocs., Inc. v. Robert Half Int'l, Inc.*, 777 N.E.2d 603, 607 (2002) (collecting cases). But the exception may only apply to businesses providing commercial information, not tangible products such as breakfast sandwiches. Therefore, Barnett's negligent misrepresentation claim will be dismissed.

## Unjust Enrichment

In Illinois, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011). Barnett's unjust enrichment claim, which is based on the same conduct underlying her ICFA claim, is not viable as pled. *See Cleary*, 656 F.3d at 517 (recognizing that where "an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim"). Schwan's motion to dismiss Barnett's unjust enrichment claim will therefore be granted.

## Injunction

A plaintiff must meet three requirements to establish that she has standing to bring a lawsuit: (1) injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) redressability. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[T]o establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights ..." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)); *see also Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 909 N.E.2d 848, 858 (Ill. App. Ct. 2009) ("To be eligible for injunctive relief under the Deceptive Practices

Act, a plaintiff must show the defendant's conduct will likely cause it to suffer damages in the future.").

Schwan's correctly argues points out that Barnett lacks standing to seek injunctive relief because she is now aware of the allegedly deceptive nature of the label. Barnett's alleged injury lies in purchasing the Product under the influence of a deceptive label. Obviously, she cannot be deceived again as alleged by the Product's representation that it is "Made with Real Butter." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) ("Since [plaintiff] is now aware of [defendant's] sales practices, [plaintiff] is not likely to be harmed by the practices in the future"). Because Barnett does not plead any facts suggesting that she faces a real and immediate threat of future harm, she does not have Article III standing to obtain an injunction against Defendant. *Scherr v. Marriott Int'l, Inc.,* 703 F.3d 1069, 1074 (7th Cir. 2013) (stating that "to establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights"). Therefore, Schwan's motion will be granted on this point.

## Conclusion

For the foregoing reasons, Defendant Schwan's Consumer Brands, Inc.'s motion to dismiss is **GRANTED in its entirety.** Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: September 25, 2023**

**STACI M. YANDLE**
**United States District Judge**